UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE RONALD WILLIAMS,

        Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

        Defendants.

Case No. 25-cv-10292
Hon. Matthew F. Leitman

_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Antoine Ronald Williams is a Michigan inmate currently confined at the Oaks Correctional Facility in Manistee, Michigan. On January 22, 2025, Williams filed a *pro se* civil-rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In his Complaint, Williams raises claims concerning a sexual assault and threats of violence by a fellow inmate, interference with his ability to obtain medication, and retaliation for the filing of grievances while he was confined at the Saginaw Correctional Facility in Freeland, Michigan. He brings his claims against the Michigan Department of Corrections (the "MDOC"), the Saginaw Correctional Facility, Saginaw inmate Jason Jay Robinson, and Saginaw Corrections Officers Anderson and Cuevas. (*See id.*)

1

The Court has conducted a preliminary screening of Williams' Complaint, and for the reasons explained below, the Court dismisses certain claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of sovereign immunity.

# I

On February 6, 2025, the Court granted Williams *in forma pauperis* status in this action. (*See* Order, ECF No. 7.)  Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A.

A *pro se* civil-rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was intentionally deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

II

A

The Court first turns to Williams' claims against inmate Robinson. Those claims must be dismissed because Robinson is a private individual and not a state actor subject to suit under Section 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (citing *American*); *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (explaining that a plaintiff may not generally proceed under Section 1983 against a private party).

A private person is not liable for alleged civil rights violations under Section 1983 unless his or her conduct is "fairly attributable" to the State, such as where the State provides "significant encouragement" for the disputed conduct or the actor is a "willful participant in joint activity with the State or its agents." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)). Absent such a showing, inmates do not act "under color of any state statute, ordinance, regulation, custom, or usage" as required to be liable under Section 1983. *Nobles v. Brown*, 985 F.2d 235, 238 (6th Cir. 1992). Here, Williams does not allege any facts that could show

that Robinson acted at the behest of, or in concert with, any prison officials or state actors. Thus, Robinson is not subject to suit under Section 1983, and Williams' claims against Robinson must be dismissed.

**B**

Second, Williams' claims against the Saginaw Correctional Facility must be dismissed because that facility is not an entity subject to suit under Section 1983. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. 42 U.S.C. § 1983. It is well-settled that governmental buildings, such as prisons or jails, are not persons or legal entities subject to suit under Section 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (affirming dismissal of claims brought against state prison because "[a] state prison is not a 'person' subject to suit under § 1983"); *Bassler v. Saginaw Corr. Facility*, No. 19-cv-11202, 2019 WL 2502713, at *2 (E.D. Mich. June 17, 2019) (dismissing claims against state prison). Williams' claims against the Saginaw Correctional Facility therefore must be dismissed.

**C**

Third, Williams' claims against the MDOC are also subject to dismissal because the MDOC is immune from suit under the Eleventh Amendment. States and their departments, including state boards of corrections like the MDOC, are

immune under the Eleventh Amendment from suit (except for prospective injunctive relief) unless the state has waived immunity or Congress has expressly abrogated immunity by statute. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *see Quern v. Jordan*, 440 U.S. 332, 341 (1979), and Michigan has not consented to civil rights suits in federal court. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Thus, the MDOC is immune from suit and any claims against the MDOC must be dismissed. *See id.* (affirming dismissal of claims brought against MDOC on the basis that the claims were barred by Eleventh Amendment immunity).

**D**

Finally, the Court turns to Williams' claims against MDOC employees Anderson and Cuevas.  To the extent that Williams brings those claims against Anderson and Cuevas in their official capacities, Anderson and Cuevas are entitled to immunity from those claims. As explained above, the Eleventh Amendment to the United States Constitution bars civil-rights actions (except claims for prospective injunctive relief) against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). And this immunity also applies to State employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S.

5

159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, to the extent Anderson and Cuevas are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Williams' claims for monetary damages against those Defendants in their official capacities must be dismissed.

However, the Court concludes that Williams' claims against Anderson and Cuevas in their individual capacities are not subject to summary dismissal at this time. Nothing in this order precludes those Defendants from filing a motion to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III

For all of the reasons explained above, the Court concludes that Williams fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims against inmate Robinson, the MDOC, and the Saginaw Correctional Facility. Accordingly, those claims and those Defendants are **DISMISSED**.

The Court further concludes that MDOC employees Anderson and Cuevas are entitled to Eleventh Amendment immunity with respect to Williams' claims brought against them in their official capacities. Those claims are also **DISMISSED**. However, Williams' claims against Anderson and Cuevas brought against those Defendants in their individual capacities survive initial screening and will not be

dismissed at this time. The Court will now refer this matter to the *Pro Se* Prisoner Early Mediation Program.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126